**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **THEODORE R. HARMON,** | ) | |
| **#57859-060,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 19-cv-00461-SMY** |
| | ) | |
| **B. TRUE,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Petitioner Theodore R. Harmon, an inmate who is currently incarcerated at the United States Penitentiary located in Marion, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241. He asserts his conviction in *United States v. Harmon,* No. 3:12-CR-00187-JGC-1 (N.D. Ohio 2013) should not qualify as a crime of violence and seeks resentencing as a nonviolent criminal. (Doc. 1, p. 8).

This matter is now before the Court for review of the Petition pursuant to Rule 4 of the Federal Rules Governing § 2254 Cases in United States District Courts, which provides that upon preliminary consideration by the district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) gives this Court the authority to apply the rules to other habeas corpus cases.

### Procedural Background

Harmon was sentenced in 2013 to 168 months imprisonment and a life term of supervised release for attempting to persuade or entice a minor to engage in sexual activity while utilizing

1

means of interstate commerce, in violation of 18 U.S.C.§ 2422(b). He appealed and the Sixth Circuit Court of Appeals affirmed the conviction. *U.S. v. Harmon,* 593 F. App'x 455, 469 (6th Cir. 2014). Harmon also brought a challenge to his conviction and sentence pursuant to § 2255 which was denied, and filed a motion to alter or amend the judgment, pursuant to Federal Rules of Civil Procedure 52(b) and 59(e) which was also denied. *See Harmon v. U.S*, No. 16-4256 (6th Cir. 2017) (discussing Harmon's case history). He appealed the denial of his motion to alter or amend the judgment and the Sixth Circuit denied his certificate of appealability application. *Id.*

### Discussion

Generally, petitions for writ of habeas corpus under 28 U.S.C. § 2241 may not be used to raise claims of legal error in conviction or sentencing, but are instead limited to challenges regarding the execution of a sentence. *See Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998). Aside from the direct appeal process, a § 2255 motion is ordinarily the "exclusive means for a federal prisoner to attack his conviction." *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). A prisoner is generally limited to *one* challenge of his conviction and sentence under § 2255 and may not file a "second or successive" § 2255 motion unless a panel of the appropriate court of appeals certifies that such motion either 1) contains newly discovered evidence "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or 2) invokes "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

Under very limited circumstances, it is possible for a prisoner to challenge his federal conviction or sentence under § 2241. 28 U.S.C. § 2255(e) contains a "savings clause" under which a federal prisoner can file a § 2241 petition when the remedy under § 2255 is "inadequate or

ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). *See United States v. Prevatte*, 300 F.3d 792, 798-99 (7th Cir. 2002). The Seventh Circuit construed the savings clause in *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998): "A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant *any* opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense."

Following *Davenport*, a petitioner must meet three conditions to trigger the savings clause. First, he must show that he relies on a new statutory interpretation case rather than a constitutional case. Secondly, he must show that he relies on a decision that he could not have invoked in his first § 2255 motion *and* that case must apply retroactively. Lastly, he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013). *See also Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012). In other words, something more than a lack of success with a § 2255 motion must exist before the savings clause is satisfied." *See Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015).

Harmon satisfies none of these requirements. Unfortunately, his Petition is not entirely clear as he only cites to case law and statutes. That said, he appears to be arguing that 18 U.S.C. § 2422(b) does not state that it is a crime of violence, making it unconstitutionally vague. Harmon primarily relies on two cases in which the Supreme Court found criminal statutes unconstitutionally vague: *Johnson v. United States,* 135 S. Ct. 2551 (2015), and *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018).

In *Johnson,* the Supreme Court held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act [18 U.S.C. § 924(e)(2)(B)] violates the

Constitution's guarantee of due process." 135 S. Ct. at 2563. Although *Johnson* was decided after Harmon's conviction, it announced a new rule of constitutional law, not a rule of statutory construction. *See Price v. United States,* 795 F.3d 731, 734 (7th Cir. 2015). Additionally, Harmon was sentenced for a violation of 18 U.S.C.§ 2422(b); he does not explain how the invalidity of the residual clause at 18 U.S.C. § 924(e)(2)(B) has any bearing on his sentence.

Similarly, in *Dimaya*, the Supreme Court held that the definition of "crime of violence" in the residual clause of 18 U.S.C. § 16(b), as incorporated into the Immigration and Nationality Act, was unconstitutionally vague. Again, there is no indication that 18 U.S.C. § 16(b) played any role in Harmon's sentencing. Nor does he allege any connection between the above-referenced residual clauses and the language in his statute of conviction, which might imply the invalidity of 18 U.S.C.§ 2422(b). Notably, Harmon's statute of conviction does not require proof of any violent conduct. As Harmon's Petition does not trigger the savings clause, his requested relief will be denied with prejudice.

### Disposition

**IT IS HEREBY ORDERED** that the Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 is **DISMISSED** with prejudice.

If Petitioner wishes to appeal this dismissal, he may file a notice of appeal with this Court within sixty (60) days of the entry of judgment. FED. R. APP. P. 4(a)(4). A motion for leave to appeal in forma pauperis should set forth the issues Petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If he does choose to appeal and is allowed to proceed IFP, Petitioner will be required to pay a portion of the $505.00 appellate filing fee in order to pursue his appeal (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2);

*Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).  A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.  It is not necessary for Petitioner to obtain a certificate of appealability.  *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:  8/2/19**

_____*s/Staci M. Yandle*_____
**STACI M. YANDLE**
**United States District Judge**