# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THEODORE R. HARMON, #57859-060, | ) ) ) |
| Petitioner, | ) ) |
| vs. | ) ) ) |
| B. TRUE, | ) ) ) |
| Respondent. | ) |

Case No. 19-cv-00461-SMY

## **MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

Petitioner Theodore Harmon, an inmate currently incarcerated at the United States Penitentiary located in Marion, Illinois, filed this action on April 29, 2019, pursuant to 28 U.S.C. § 2241. Harmon asserts that his conviction in *United States v. Harmon,* No. 3:12-CR-00187-JGC-1 (N.D. Ohio 2013) should not qualify as a crime of violence and seeks resentencing as a nonviolent criminal. (Doc. 1, p. 8). This case was dismissed on August 2, 2019 because Harmon did not meet the requirements necessary to challenge to his sentence and conviction under § 2241. (Doc. 5); Judgment was entered on the same date. (Doc. 6).

Now before the Court is a document entitled, "Supplement to Petitioner's § 2241 Motion" filed by Harmon on August 12, 2019. (Doc. 7). In the Supplement, Harmon requests an evidentiary hearing and that his sentence be vacated, set aside, or corrected. *(Id.* at p. 20). Because the Supplement presents additional legal arguments and again requests relief regarding his sentence, it appears that Harmon is asking the Court to reconsider the Judgment.

## Discussion

The Federal Rules of Civil Procedure do not explicitly contemplate motions to reconsider. Nevertheless, the Seventh Circuit has approved of district courts construing motions pursuant to the standards set forth in Federal Rule of Civil Procedure 59(e) or 60(b) if it appears that a party is requesting relief available under those Rules. *U.S. v. Deutsch*, 981 F.2d 299, 300 (7th Cir. 1992). "[W]hether a motion filed within [28] days of the entry of judgment should be analyzed under Rule 59(e) or Rule 60(b) depends on the substance of the motion, not on the timing or label affixed to it." *Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008). A motion to reconsider filed more than 28 days after entry of the challenged order "automatically becomes a Rule 60(b) motion." *Hope v. United States*, 43 F.3d 1140, 1143 (7th Cir. 1994).

Rule 59(e) allows a court to alter or amend a judgment in order to correct manifest errors of law or fact or to address newly discovered evidence. *Obriecht*, 517 F.3d at 494. "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal citations omitted).

Rule 60(b) sets forth a more exacting standard than Rule 59(e), although it permits relief from a judgment for a number of reasons, including mistake or "any other reason justifying relief from the operation of judgment." FED. R. CIV. P. 60(b). Relief under Rule 60(b) is an extraordinary remedy and is only granted in exceptional circumstances. *McCormick v. City of Chi.*, 230 F.3d 319, 327 (7th Cir. 2000). "Reconsideration is not an appropriate forum for rehashing previously rejected arguments." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996).

Harmon's Motion fails under both standards. He continues to argue that he was sentenced as a violent offender under an unconstitutionally vague statute. He again references the Supreme Court decisions in *Johnson v. United States,* 135 S. Ct. 2551 (2015), and *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), in which the Supreme Court found the residual clauses of 18 U.S.C. § 924(e)(2)(B) and 18 U.S.C. § 16(b) unconstitutionally vague. He seeks to apply the ruling in these two decisions to the definition of "crime of violence" within 18 U.S.C. § 3156(a)(4)(b), and asserts that the residual clause of § 3156 is unconstitutionally vague just like the residual clauses at issue in *Johnson* and *Dimaya*. He argues that the offenses he was charged with in 18 U.S.C. § 2422(b), relied on the definition of "crime of violence" in § 3156.

Additionally, Harmon raises new arguments that were not in his initial § 2241 petition. He claims he was sentenced to a life term of supervised release under 18 U.S.C. § 3583(k), which is unconstitutional under Supreme Court case *United States v. Haymond,* 139 S.Ct. 2369 (2019). Furthermore, he states that his sentence should have been decided by a jury, citing *Alleyne v. United States,* 570 U.S. 99 (2013) and *Apprendi v. New Jersey,* 530 U.S. 466 (2000). (Doc. 7, pp. 13, 14).

Harmon does not argue that the judgment entered in this case was rendered in error or a mistake in some way. He merely restates reasons why his sentence is unconstitutional. As discussed in the Dismissal Order, (Doc. 5, p. 4), Harmon cannot rely on *Johnson, Dimaya, Alleyne,* and *Apprendi* to challenge his sentence pursuant to § 2241 because these cases each announced a new rule of constitutional law, not a rule of statutory construction. *See Simpson v. United States,* 721 F.3d 875, 876 (7th Cir. 2013). Additionally, it is unclear to the Court how Harmon would have received an enhanced sentence pursuant to the definition of "crime of violence" as defined by § 3156, since this statute is contained in the Bail Reform Act of 1984 and applies to the "release

or detention of an arrested person pending trial, sentence, and appeal." David N. Adair, Jr., *The Bail Reform Act of 1984,* Fed. Judicial Ctr (2006). To the extent he is arguing that the definition of "crime of violence" within the Unites States Sentencing Guidelines is unconstitutionally vague, this argument fails. *See* U.S.S.G. § 4B1.2. The Supreme Court has held that "the Guidelines are not subject to a vagueness challenge under the Due Process Clause. The residual clause in § 4B1.2(a)(2) therefore is not void for vagueness." *Beckles v. U.S.,* 137 S. Ct. 886, 892 (2017).

Finally, as to Harmon's arguments that his sentence of a lifetime term of supervised release is unconstitutional, the United States Supreme Court in *Haymond* did not declare all of § 3583(k) unconstitutional, only the portion requiring the imposition of at least an additional five year prison sentence for certain supervised release violators, not the provision of the statute authorizing a term of five years to life of supervised release for certain offenses. *Haymond,* 139 S. Ct. at 2383 ("we have emphasized, our decision is limited to § 3583(k)…and the *Alleyne* problem raised by its 5-year mandatory minimum term of imprisonment."). Not only did *Haymond* announce a constitutional ruling that is more appropriately pursued in a successive § 2255, but the provisions declared unconstitutional are not implicated in Harmon's case, "as his claim involves the first sentence of § 3583(k) addressing the initial imposition of a term of supervised release." *Jividen v. Streeval,* 19-060-HRW, 2019 WL 3976509 at *4 (E.D. Ky., Aug. 22, 2019).

Nothing in the Supplement suggests an error of law or fact under Rule 59(e) in this Court's denial of his petition for habeas relief; nor has he stated any extraordinary or exceptional circumstances that would justify relief under Rule 60(b), and so his request will be denied.

### Disposition

As Harmon has not established that the Court made an error of law or fact or presented an exceptional circumstance that warrants vacation or amendment of the judgment by the Court, the Supplement seeking reconsideration of the Clerk's Judgment (Doc. 7) is **DENIED**.

The instant motion to reconsider suspended Harmon's deadline to seek an appeal. FED. R. APP. P. 4(A)(4)(A); FED. R. CIV. P. 59(e). Therefore, if Harmon wishes to appeal the dismissal of this action, his notice of appeal must be filed with this court within 60 days of the date of this order. FED. R. APP. P. 4(a)(4). A motion for leave to appeal in forma pauperis ("IFP") must set forth the issues Harmon plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Harmon does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger,* 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998).

It is not necessary for Harmon to obtain a certificate of appealability from this disposition of his § 2241 petitioner. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**

**DATED: 12/5/2019**

                _____s/Staci M. Yandle_____
                **STACI M. YANDLE**
                **United States District Judge**